Territorial Law Library

FILED
SUPERIOR COURT
GUAM

2013 JUN 19 AM 10: 40

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

JOSHUA BRANDON PEREZ,

                Petitioner,

        v.

JOSE SAN AGUSTIN, Director of the
Guam Department of Corrections

                Respondent.

CASE NO. SP0185-12

**DECISION AND ORDER ON PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 11, 2013 on Petitioner's Motion for Appointment of Counsel. Petitioner Joshua Brandon Perez appeared *pro se*. Attorney Marianne Woloschuk represented the Government. Having considered the circumstances and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Petitioner Joshua Brandon Perez is an inmate at the Department of Corrections. On November 14, 2012, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, he alleges the Department of Corrections is in error as to the duration of his sentence. On December 17, 2012, Petitioner filed his Motion for Appointment of Counsel.

On February 21, the Government filed its Opposition to the Motion, arguing Petitioner has failed to meet his burden for such a motion. On April 17, 2003, Petitioner's Reply to the Opposition was filed with the Court.



**ORIGINAL**

## DISCUSSION

Guam Miscellaneous Rule 1.1.1(B) allows a trial court to appoint counsel for a *pro se* plaintiff under certain circumstances:

> B. Discretionary. The court may appoint counsel for a person who is financially unable to obtain representation who is:
> 1. charged with civil or criminal contempt and facing loss of liberty;
> 2. seeking collateral relief from a judgment in a criminal matter; or,
> 3. a person whose rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel.

MR 1.1.1(B).

Here, Petitioner alleges there has been a miscalculation in his sentencing. He has attached his Plea Agreement to his Petition. The Agreement calls for credit for time served. *See Agreement* p.3. In his Memorandum in support of the Petition, he states the starting point for calculation of time served was supposed to be November 21, 2008 when he was first incarcerated. Instead, the Department of Corrections has used June 22, 2011 for the calculation of time; a disparity of more than two years.

In light of MR 1.1.1(B) allowing for appointment of counsel for a pro se plaintiff and upon consideration of the facts, this court finds good cause to appoint counsel.

## CONCLUSION

There being good cause, the Petitioner's motion for appointment of counsel is hereby **GRANTED**. This Court appoints Sylvia Stake to represent Petitioner in proceeding with his Petition for Writ of Habeas Corpus.

A Scheduling Conference is set for July 1, 2013 at 2:00 p.m.



Decision and Order
Case No. SP0185-12

It is **SO ORDERED** this 18th day of June, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUN 1 9 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam



**ORIGINAL**